**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**FOSTER WHEELER CORPORATION,**
**Defendant-Appellant.**

**No. 927, Docket 35587.**

United States Court of Appeals,
Second Circuit.

Argued June 16, 1971.

Decided July 2, 1971.

I. * * *

[FW] of inaccurate cost estimates during the negotiation of a fixed-price contract for the construction of ship's boilers." (Br. p. 9.) It is this premise which is inaccurate. The trial court found actual fraud. These findings were made after the court had seen and heard the testifying witnesses. The proof amply sustains the findings. Therefore, FW's fear that those who contract with the Government do so at their peril if cost estimate inaccuracies develop is groundless. The Act is applicable only to claims which are "false, fictitious, or fraudulent" and the law supplies the requirement of clear and convincing proof. Thus FW's argument that the Act was never intended to apply to inaccurate cost estimates is irrelevant to a proper determination of the issues here.

Leo T. Kissam, New York City (Kissam & Halpin, New York City, Anthony S. Genovese and Michael F. Fitzgerald, New York City, of counsel), for defendant-appellant.

David M. Brodsky, Asst. U. S. Atty., New York City (Whitney North Seymour, Jr., U. S. Atty. for the Southern District of New York, New York City and T. Gorman Reilly, Asst. U. S. Atty., of counsel), for plaintiff-appellee.

Before MOORE and KAUFMAN, Circuit Judges, and TIMBERS,* District Judge.

MOORE, Circuit Judge:

Foster Wheeler Corporation (FW) appeals from a judgment against it and in favor of the United States of America in the amount of $357,743.40, rendered after a non-jury trial. The judgment was based upon seven invoice payments by the United States to FW under a contract negotiated between the parties in which fraudulent figures were allegedly furnished and fraudulent representations were allegedly made by FW. The action was brought under the False Claims Act (31 U.S.C. § 231 et seq.) and under common law. The trial court found fraud, and FW does not take issue with the court's findings. United States v. Foster Wheeler Corp., 316 F.Supp. 963 (S.D.N.Y. 1970).

The appellate questions raised are (1) whether the False Claims Act applies to the facts of this case; (2) the appropriate measure of damages; and (3) the propriety of awarding prejudgment interest under the Act.

FW characterizes the Government's claim as being "based solely upon the alleged submission by appellant

The last boiler invoice payment was made on March 23, 1960. Two years later Congress passed the Truth-In-Negotiation Act, 10 U.S.C. § 2306(f) (1962). FW argues that this Act must have withdrawn from the False Claims Act "claims based upon the use of inflated cost estimates." Again the premise is faulty. Inflated cost estimates are quite different from fraudulent estimates. Although the Truth-In-Negotiation Act was not in effect at the time of the negotiation of the FW contract and the payments thereunder, there was a clause in the contract subjecting it to "any subsequent Act of Congress providing for the renegotiating of contracts." Whether this clause would render the Truth-In-Negotiation Act retroactively applicable to this contract is irrelevant because in our opinion that Act does not supersede the False Claims Act. There is no inconsistency between an Act which deals with fraud and one which deals with data which are "inaccurate, incomplete or non-current." § 2306(f) (4). Although FW's statement of the law applicable to statutory construction, namely, that the general usually yields

---

* Chief Judge, United States District Court for the District of Connecticut, sitting by designation at the time of argument.

to the specific, is correct, need for application of this rule does not arise in this case.

As to the correct measure of damages, the trial court properly adopted the method used by other courts in False Claims cases. United States v. Woodbury, 359 F.2d 370 (9th Cir. 1966); United States v. Ben Grunstein & Sons Co., 137 F.Supp. 197 (D.N.J. 1956); United States v. American Packing Corp., 125 F.Supp. 788 (D.N.J. 1954).

*Prejudgment Interest*

■ The False Claims Act is quasi-penal. It provides for the forfeiture and payment of $2,000 (seven invoices in this case) and "double the amount of damages." These were the deterrents fixed by Congress for the wrongful conduct proscribed by the Act. The trial court found that the Government had suffered actual damages of $132,200. Imposing the penalties, the court doubled the damages to $264,400 which with the forfeiture of $14,000 (seven times $2,000) amounted to $278,400. In addition, the court awarded prejudgment interest of $79,325.40 on the theory that FW had "wrongfully been in possession of and had the use of money that was rightfully the Government's." *Foster Wheeler, supra,* 316 F.Supp. at 973. Conversely, the Government would have been able to have earned six percent on the money which it would have retained but for the payments to FW. However, the recovery specified in the Act, namely, "the device of double damages plus a specific sum was chosen to make sure that the government would be made completely whole." United States ex rel. Marcus v. Hess, 317 U.S. 537, 551–552, 63 S.Ct. 379, 388, 87 L.Ed. 443 (1943). The Supreme Court there stated that the question of what constituted full restitution was a problem for Congress.

Subsequently in a case involving the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 65 S.Ct. 895, 89 L. Ed. 1296 (1945) (in effect double damages for withheld wages), the Supreme Court stated (at 715–716, 65 S.Ct. at p. 906):

"Since Congress has seen fit to fix the sums recoverable for delay, it is inconsistent with Congressional intent to grant recovery of interest on such sums in view of the fact that interest is customarily allowed as compensation for delay in payment. To allow an employee to recover the basic statutory wage and liquidated damages, with interest, would have the effect of giving an employee double compensation for damages arising from delay in the payment of basic minimum wages. * * * Congress by enumerating the sums recoverable in an action under § 16(b) meant to preclude recovery of interest on minimum wages and liquidated damages."

*See also* United States v. Globe Remodeling Co., 196 F.Supp. 652 (D.Vt. 1961) (False Claims Act) and Trans World Airlines, Inc. v. Hughes, 308 F.Supp. 679, 696 (S.D.N.Y. 1969) (antitrust); Locklin v. Day-Glo Color Corp., 429 F.2d 873, 887 (7th Cir. 1970) (antitrust); and Cape Cod Food Prod. v. National Cranberry Ass'n, 119 F.Supp. 900, 911 (D.Mass. 1954) (antitrust). The Government is more than made whole by the liability imposed upon violators of the Act. Therefore interest upon the damages should not have been added to the statutory amount.

Judgment modified by disallowing $79,325.40 as interest; otherwise affirmed with costs to appellee.