In re BRIN–MONT CHEMICALS,
INC., Debtor.

BRIN–MONT CHEMICALS, INC.,
and Duly Appointed Unsecured
Creditors Committee, Plaintiffs,

v.

WORTH CHEMICAL CORPORATION,
Defendant.

Nos. B–86–00968 C–11–G, 2:92CV00167.
Adv. No. 91–2419.

United States District Court,
M.D. North Carolina,
Greensboro Division.

April 15, 1993.

William L. Stocks, Bruce H. Connors and David L. Goode, Greensboro, NC, for plaintiffs.

Paul E. Marth, Greensboro, NC, for defendant.

## MEMORANDUM OPINION

TILLEY, District Judge

Brin–Mont Chemicals, Inc. (Brin–Mont), Debtor-in-Possession, and the Duly Appointed Unsecured Creditors Committee (Committee) of the estate of Brin–Mont Chemicals, Inc. (Plaintiffs–Appellants) appeal an Order issued by the bankruptcy court. In its Order, the bankruptcy court granted Worth Chemical Corporation's (Defendant–Appellee's) Motion for Judgment on the Pleadings, ruling that the plaintiff's avoidance action under 11 U.S.C. § 547 was barred by the two-year statute of limitations contained in 11 U.S.C. § 546(a)(1). Alternatively, the bankruptcy court ruled that plaintiff's preference action was barred by the doctrine of laches. For the reasons explained below, this Court REVERSES the ruling of the bankruptcy court, and REMANDS this case for further proceedings.

### I.

The dispute in this case arises from the financial woes of Brin–Mont Chemicals, Inc., which was placed in involuntary bankruptcy in the United States Bankruptcy Court for the Middle District of North Carolina on May 5, 1986. The case was converted to a voluntary bankruptcy proceeding under Chapter 11 on May 22, 1986. Pursuant to 11 U.S.C. §§ 1107 and 1108, Brin–Mont retained its assets and operated as a debtor-in-possession. The Unsecured Creditors Committee of the estate of Brin–Mont Chemicals, Inc. was appointed.

Under a court approved asset purchase agreement, all of Brin–Mont's assets were sold on May 25, 1988. Meanwhile, a third party had claimed a security interest ·in substantially all of Brin–Mont's assets. After an adversary proceeding, a Plan of Reorganization was confirmed by the court on July 15, 1991. The Plan provided for a cash distribution of the proceeds from the earlier asset sale and other funds collected during the course of bankruptcy to the various classes of creditors, consistent with a liquidation of assets under Chapter 7 of the Bankruptcy Code.

On September 12, 1991, Brin–Mont and the Committee instituted this action against Worth seeking to avoid a preferential transfer to Worth under 11 U.S.C. § 547. Worth asserted the defenses of the statute of limitations and laches. On February 5, 1992, the bankruptcy court entered an Order granting Worth's Motion for Judgment on the Pleadings on the statute of limitations and laches grounds.

### II.

#### A. Statute of Limitations

Pursuant to 28 U.S.C. § 158(a), parties may appeal final orders of a bankruptcy court to the district court. The appropriate standard of review for a final order of a bankruptcy court in a "core" proceeding on a matter of law is *de novo*. *In re New England Fish Co.*, 749 F.2d 1277 (9th Cir.1984). Avoidance actions pursuant to 11 U.S.C. § 547 are "core" proceedings, thus this court will conduct a *de novo* review. 28 U.S.C. § 157(b)(2)(F).

The plaintiff's avoidance action under 11 U.S.C. § 547 is governed by the limitations provision in § 546. The issue in dispute is whether the two-year statute of limitations in 11 U.S.C. § 546(a)(1) applies to debtors-in-possession, such as Brin–Mont, as well as to appointed trustees. Section 546(a) provides in pertinent part:

An action or proceeding under section ... 547 ... of this title may not be commenced after the earlier of—(1) two years after the *appointment of a trustee* under section 702, 1104, 1163, 1302, or 1202 of this title; or (2) the time the case is closed or dismissed.

11 U.S.C. § 546(a) (emphasis added). Defendant Worth argues that the two-year limitation period in § 546(a)(1) applies to debtors-in-possession as well as trustees,

thus plaintiffs' action is time-barred.[1] Plaintiffs take the position that § 546(a)(1) applies only to actions brought by appointed trustees, and that their action as a debtor-in-possession is timely because it was filed before the case was "closed or dismissed." § 546(a)(2).

Although the Fourth Circuit has not ruled on this issue, it has been visited by many courts. The overwhelming majority of cases, as well as the leading treatise on bankruptcy, have held that debtors-in-possession are not governed by the two-year limitations period set out in § 546(a)(1). *See e.g., In re Cardullo*, 142 B.R. 138 (Bankr.E.D.Va.1992); *Pate v. Hunt (In re Hunt)*, 136 B.R. 437 (Bankr.N.D.Tex.1991); *Pullman Constr. Indus., Inc. v. Nat'l Steel Serv. Ctr. (In re Pullman Construction)*, 132 B.R. 359 (Bankr.N.D.Ill.1991); *Maxway Corp. and Danners, Inc. (In re Maxway Corp. and Danners)*, C–B–88–01027, Adv.Pro. No. 91–3025 (Bankr. W.D.N.C.1991); *Korvettes, Inc. v. Sanyo Electric, Inc. (In re Korvettes, Inc.)*, 67 B.R. 730 (Bankr.S.D.N.Y.1986). *See also*, 4 *Collier on Bankruptcy* § 546.02[2] (15th ed. 1991). The only circuit court to confront the issue, however, ruled that § 546(a)(1) applies to debtors-in-possession as well as to appointed trustees. *Zilkha Energy Co. v. Leighton*, 920 F.2d 1520 (10th Cir.1990). Several courts have followed the *Zilkha* decision, including the bankruptcy court in this action.

Defendant-appellee urges this court to follow the reasoning of *Zilkha* and its progeny. The *Zilkha* line of cases begins by finding § 546(a) ambiguous when considered in relationship with the other provisions of the Bankruptcy Code. After finding the statute ambiguous, *Zilkha* construed the statute as follows:

> We do not believe that Congress intended to limit actions filed by an appointed trustee to two years without making the same restriction apply to a debtor in possession *who is the functional equivalent of an appointed trustee.* Because of

the virtual identity of function between a trustee and a debtor in possession, there would be no reason to create a different limitation period for the filing of actions by the two fiduciaries.

*Zilkha*, 920 F.2d at 1524 (emphasis added). Other courts following *Zilkha*, including the bankruptcy court in this action, have agreed that a debtor-in-possession is the "functional equivalent" of an appointed trustee. *See e.g., Sparmal Enterprises, Inc. v. Moffit Realty Corp.*, 126 B.R. 559, 562 (S.D.Ind.1991).

■ For the following reasons, this Court declines to follow *Zilkha* and joins the majority of courts in holding that debtors-in-possession should not be treated as trustees for the purposes of the two year statute of limitations in 11 U.S.C. § 546(a)(1). The first and most important step in statutory interpretation is an analysis of the language of the statute itself. *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). In *Ron Pair*, the Supreme Court stated that "[t]he plain meaning of legislation should be conclusive except in the rare cases [in which] the literal application of a statue will produce a result demonstrably at odds with the intentions of its drafters.... In such cases, the intention of the drafters, rather than the strict language, controls." *Id.* (citations omitted).

In looking to the statute, the language of 11 U.S.C. § 546(a)(1) is clear and unambiguous. The statute states that certain bankruptcy proceedings must be brought within "two years after the *appointment* of a *trustee under section 702, 1104, 1163, 1302, or 1202* of this title...." (emphasis added). The statute clearly refers to the appointment of trustees, not debtors-in-possession. Furthermore, the recitation of specific provisions within the Code governing appointment of trustees indicates that Congress paid careful attention to what types of trustees would be governed by the

---

1. This adversary proceeding was filed in September of 1991, nearly five and one-half years after the initial Bankruptcy filing in May of 1986. If the two-year statute of limitations began to run in May 1986 when the debtor-in-possession was given the authority to run the business, then this action under 11 U.S.C. § 547 would be untimely.

two-year statute of limitations. That Congress did not cross reference § 1107, the statute governing the rights and powers of debtors-in-possession, reinforces the clear meaning of the statute.[2] With such clear and specific language within § 546(a)(1), this Court will not look to other provisions of the statute to find ambiguity and must enforce the statute as written.[3] *Ron Pair*, 489 U.S. at 241, 109 S.Ct. at 1030 (1989). *Accord, In re Mars Stores, Inc.*, 150 B.R. 869, 877 (D.Mass.1993); *In re Hunt, supra; In re Maxway Corp. and Danners, Inc., supra.*

In addition to the plain meaning of the statute, it is important to note that several cases held § 546(a)(1) did not apply to debtors-in-possession *before* Congress amended the Bankruptcy Code in 1984. *See Korvettes, Inc. v. Sanyo Electric (In re Korvettes Inc.)*, 67 B.R. 730, 733 (Bankr. S.D.N.Y.1986) (chronicle of pre–1984 cases). A general principle of statutory construction is that the court can presume Congress is aware of judicial constructions of existing law and that a failure to change existing law indicates that Congress is content with the prevailing construction. *Air Transport Asso. v. PATCO*, 667 F.2d 316, 321 (2nd Cir.1981). Thus, Congress' failure to amend section 546(a)(1) during the 1984 Bankruptcy Code amendments to include debtors-in-possession supports the view that the section does not apply to them. *In re Korvettes, Inc., supra; In re Mars Stores, supra.*

Because the Court finds that the two-year limitations period for appointed trustees in section 546(a)(1) is clear and unambiguous, it is unnecessary to consider whether a debtor-in-possession is the functional equivalent of an appointed trustee.[4]

In the alternative, defendants urge adoption of the intermediary position outlined in *Sparmal Enterprises, Inc. v. Moffit Realty Corp.*, 126 B.R. 559 (S.D.Ind.1991). *Sparmal* distinguished between a reorganizing and a liquidating Chapter 11 debtor-in-possession, holding that only a *liquidating* debtor-in-possession is subject to the two-year statute of limitations. Appellees argue that the *Sparmal* reasoning applies to the case at hand, where Brin–Mont as debtor-in-possession liquidated its assets in a court approved plan consistent with Chapter 7 of the Bankruptcy Code. *Sparmal*, however, necessarily rests on an initial finding that section 546(a)(1) is ambiguous, a finding that is at odds with the decision of this Court.

In conclusion, this Court is convinced that the collective wisdom of the majority rule holding § 546(a)(1) inapplicable to debtors-in-possession is supported by sound reasoning. The language of the § 546(a)(1) is clear and case law expressing this opinion existed at the time of the 1984 amendments to the Bankruptcy Code.

### B. Laches

Even under the longer statute of limitations provided by 11 U.S.C. § 546(a)(2) (preference action must be filed before "the time the case is closed or dismissed"),

**2.** This Court agrees with *In re Hunt*, 136 B.R. 437 (Bankr.N.D.Tx.1991) that it would have been more likely to find the statute ambiguous had there been no cross references to code sections dealing explicitly with the appointment of trustees. That court stated that "the inclusion of the enumerated sections makes it clear that Congress intended § 546(a)(1) to apply only to trustees appointed under one of those sections, and not to debtors in possession." *Id.* at 447, n. 11. *Accord, In re Mars Stores, Inc.*, 150 B.R. 869, 877 (D.Mass.1993).

**3.** Defendants argue that the statute is ambiguous when read in conjunction with the rest of the Bankruptcy Code, especially 11 U.S.C. § 1107(a) which defines the powers and limitations of a debtor-in-possession. That section provides that "subject to any limitations on a

trustee serving in a case under this chapter ... a debtor in possession shall have all the rights ... and shall perform all the functions and duties ... of a trustee serving in a case under this chapter." This Court does not read § 1107(a) as creating an ambiguity in § 546(a)(1).

**4.** The Court notes that the majority of cases have held that a debtor-in-possession is not the functional equivalent of an appointed trustee because a debtor-in-possession is concerned with cooperating with creditors in efforts to reorganize, while a trustee is given a more adversarial, investigative role. *In re Maxway Corp. and Danners, Inc., supra*, p. 11–12; *In re Pullman*, 132 B.R. at 361. *See also* 11 U.S.C. § 1104 (appointed trustees are empowered to "investigate the acts, conduct, assets, liabilities, and financial condition of the debtor").

defendant argues that Brin–Mont and the Committee are nevertheless barred from bringing their claim by the equitable doctrine of laches. The bankruptcy court agreed and granted defendant's motion on the pleadings under the doctrine of laches as well as the statute of limitations. For the reasons which follow, that order will be vacated and the matter remanded to the bankruptcy court for further consideration.

1.

Courts have disagreed whether laches can cut short an applicable statute of limitations. Several cases suggest that laches is inappropriate when a statute of limitations exists. *See e.g., United States v. Mack*, 295 U.S. 480, 489, 55 S.Ct. 813, 817, 79 L.Ed. 1559 (1935); *United States v. RePass*, 688 F.2d 154 (2nd Cir.1982); *Thropp v. Bache Halsey Stuart Shields Inc.*, 650 F.2d 817, 822 (6th Cir.1981) (laches inapplicable to legal claims controlled by state statute of limitations); *Travelers Indem. Co. v. United States*, 16 Cl.Ct. 142 (1988) (prior to recent amendments, doctrine of laches generally not recognized in government contract cases because six-year statute of limitations period governed). Nevertheless, other cases have held that under exceptional circumstances, laches can shorten the applicable limitations period provided by law. *See, e.g., A.C. Aukerman Co. v. R.L. Chaides Const. Co.*, 960 F.2d 1020, 1030 (Fed.Cir.1992) (en banc) (noting that "laches is routinely applied within the prescribed statute of limitations"); *K–Mart Corp. v. Oriental Plaza, Inc.*, 875 F.2d 907, 911 (1st Cir.1989) (breach of lease; plaintiff filed within fifteen-year limitations period, court considered and denied laches defense); *Cornetta v. United States*, 851 F.2d 1372, 1376 (Fed.Cir.1988) (en banc) (laches can shorten the statute of limitations where two policy goals present—(1) limiting the monetary consequences to the United States government and (2) compelling speedy resolutions of disputes).

■ This Court believes that considerations of basic fairness support the rule that the doctrine of laches can, under exceptional circumstances, cut short an express statute of limitations. This rule provides the court with the necessary flexibility which is at the root of equitable relief. With its origins in equity, the doctrine of laches is not made upon the application of "mechanical rules." *Holmberg v. Armbrecht*, 327 U.S. 392, 396, 66 S.Ct. 582, 584, 90 L.Ed. 743 (1946).

■ The present claim, brought by a debtor-in-possession, is to be distinguished from a claim brought by an appointed trustee. Courts addressing whether the defense of laches applies to *trustees* pursuing avoidance actions have uniformly held the doctrine inapplicable. For example, in *Royal Air Properties, Inc. v. Smith*, 312 F.2d 210, 214 (9th Cir.1962), the court stated: "Where Congress has provided a specific and *relatively short* statute of limitations, it can be inferred that the federally created limitation is not to be cut short." *Id.* (emphasis added). *See also Matter of Silver Mill Frozen Foods, Inc.*, 23 B.R. 179, 181 (Bankr.Mich.1982); *In re Petty*, 93 B.R. 208 (9th Cir.BAP Or.1988). Unlike cases involving appointed trustees which are governed by a two-year statute of limitations, cases involving debtors-in-possession have a potentially more lengthy and nebulous deadline—anytime before the case closes or is dismissed. Thus a court is correct to consider the equitable defense of laches in cases governed by the statute of limitations contained in § 546(a)(2).

■ As the bankruptcy court correctly stated, laches is an affirmative defense and the defendant bears the ultimate burden of proving (1) lack of diligence (unreasonable delay) by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense. *White v. Daniel*, 909 F.2d 99, 102 (4th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2916, 115 L.Ed.2d 1079 (1991). The role of the court in considering the equitable defense of laches is to balance the plaintiff's delay in bringing his claim and the resulting prejudice to a defendant, against plaintiff's excuse for such delay.

■ When weighing the equities, the court must strongly consider the fact that plaintiff has brought his claim *within* the

express statute of limitations. *Giddens v. Isbrandtsen Co.*, 355 F.2d 125 (4th Cir. 1966) provides the framework for weighing the equities when the defense of laches is raised. *Giddens* involved a longshoreman's action for personal injury in which there was no express statute of limitations; thus, the court looked to an analogous statute for an appropriate limitations period. Although a maritime case, *Giddens* reinforces that a defendant has the ultimate burden of proving both (1) inexcusable delay, and (2) prejudice to defendant. *Id.* at 128. Of this burden, the court stated:

> Initially this obligation is ordinarily satisfied by the defendant's noting that the action *was not commenced within the statutory time parallel of laches*, or by facts otherwise revealing a lack of vigilance. The second element—prejudice— must also be demonstrated by the defendant, but in this he is aided by the inference of prejudice warranted by the plaintiff's delay. The plaintiff is then to be heard to excuse his apparent laggardness and to prove facts manifesting an absence of actual prejudice.

*Id.* (emphasis added).

■ Just as a defendant is entitled to an inference of prejudice upon showing that plaintiff's action was not filed within an analogous statute of limitations, *Giddens, supra*, a plaintiff should be entitled to an inference of reasonableness when his claim is filed within the limitations period. This result is grounded in common sense and the policy behind equitable relief. It is axiomatic that a claimant who has filed his action within the statute of limitations provided by Congress is entitled to a presumption that laches will not apply. *Cf., Elvis Presley Enterprises, Inc. v. Elvisly Yours, Inc.*, 936 F.2d 889 (6th Cir.1991) (strong presumption that plaintiff's delay is reasonable so long as analogous statute of limitations has not elapsed); *Tandy Corp. v. Malone & Hyde, Inc.*, 769 F.2d 362, 365

(6th Cir.1985) (in trademark case, a presumption of laches if claim brought outside analogous statute of limitations; presumption that case is alive if brought within the limitations period), *cert. denied*, 476 U.S. 1158, 106 S.Ct. 2277, 90 L.Ed.2d 719 (1986). As a result, the defendant's burden in proving unreasonable delay and prejudice is heavier. Only "upon special intervening facts demanding [] exceptional relief" should laches bar a claim otherwise brought within an applicable statute of limitations. *Phipps v. Robinson*, 858 F.2d 965, 972 (4th Cir.1988) (applying North Carolina law and quoting *Creech v. Creech*, 222 N.C. 656, 24 S.E.2d 642, 647 (1943)).

**2.**

Because the bankruptcy court determined that the claim in issue was barred by the statute of limitations, it did not have occasion to conduct a factual analysis before concluding that laches also applied to bar plaintiffs' claim. The record does not show development of a sufficient evidentiary basis to support a conclusion that the defendant suffered actual prejudice (and, if so, its cause and severity) and whether there were exceptional circumstances justifying application of laches in spite of compliance with an existing statute of limitations. Furthermore, even assuming that defendants have met their burden of proving prejudice and exceptional circumstances constituting unreasonable delay, the record does not supply a sufficient factual basis regarding plaintiffs' excuse, if any, for delay.[5]

In order that the evidentiary record may be more fully developed, the question whether laches should be applied is remanded to the bankruptcy court.

**III.**

In conclusion, the bankruptcy court's holding that the plaintiffs' claim is barred

---

**5.** Although the appellate record is rather thin, a review of the Creditor's Amended Plan of Reorganization (dated May 31, 1991) and the bankruptcy court's Order Confirming the Plan (dated July 15, 1991) indicates that the plaintiffs' exercise of their avoidance powers was timely under the Amended Plan. *See* Amended Plan, Art. I, ¶ 13 (defining "Effective Date of Plan") and Art. VI (debtor must file any adversary proceeding within thirty days after the Effective Date of Plan).

by the two year statute of limitations is reversed and the holding that the claim is barred by laches is vacated and remanded to the bankruptcy court for further consideration.